Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER GRAF,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAVID B. SCHUMACHER, P.C.; and CAVALRY PORTFOLIO SERVICES, LLC and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: '17CV0724 JM   NLS<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1.　This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C.§1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

//

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3. Plaintiff JENNIFER GRAF ("Plaintiff") is a natural person residing in the State of California, County of San Diego.

4. Defendant DAVID B. SCHUMACHER, P.C. at all times relevant was a company doing business of collecting debts and contacting consumers throughout the state of California and operating from an address at 3439 N.E. Sandy Blvd. #239, Portland, OR 97232.

5. Defendant CAVALRY PORTFOLIO SERVICES, LLC at all times relevant was a company doing business of collecting debts and contacting consumers throughout the state of California and operating from an address at 4050 E. Cotton Center Blvd., Phoenix, AZ 85040.

6. Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in

all subsequent proceedings, and that this action may proceed against them under their true names.

8. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

9. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

10. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

11. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

12. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

13. In an underlying civil case Defendants obtained a judgment against Plaintiff in the the State of Oregon ("the Judgment").

14. Defendants did not domesticate the Judgment in Califoria or otherwise apply with California courts to have the Judgment enforced as a sister-state judgment.

15. Defendants sent a letter directly to Plaintiff's employer instructing them to withhold money from her paycheck and to send directly to Defendants.

16. Defendants did not serve any garnishment paperwork on the Sheriff or other levying officer in effort to institute the garnishment.

17. Plaintiff's employer did withhold funds from her paycheck and mailed it directly to Defendants.

18. Defendants did not comply with the requirements for collection on judgments from other states or for garnishing wages in California.

19. Defendant's actions caused emotional distress and loss of income for Plaintiff.
//

## V.  FIRST CLAIM FOR RELIEF

### (As against Defendants for Violation of the FDCPA)

20. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

21. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    (b) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

    (c) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer; and

    (d) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

22. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

### (**Against Defendant Cavalry Portfolio Services, LLC and Does 1-5 for Violation of the Rosenthal Act**)

23. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

24. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

25. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

27. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against all Defendants for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692kand California Civil Code §1788.30(b);

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692kand California Civil Code §1788.30(c); and

(d) For such other and further relief as the Court may deem just and proper.

Date: April 10, 2017        s/ Jeremy S. Golden
                            Jeremy S. Golden
                            Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: April 10, 2017        s/ Jeremy S. Golden
                            Jeremy S. Golden
                            Attorney for Plaintiff